## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| XIDRONE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORTEM TECHNOLOGIES, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** <br><br> Case No. 2:24-cv-00080 <br><br> District Judge Ann Marie McIff Allen |

This action arises as a peripheral battle in an ongoing patent war over drone technology development. Before the Court is Defendant Fortem Technologies, Inc.'s ("Fortem") Motion to Dismiss for Failure to State a Claim.[1] Fortem contends that res judicata principles bar the claims in this suit.[2] Plaintiff XiDrone Systems, Inc. ("XiDrone") opposes the Motion.[3] Upon consideration of the Motion, the Opposition and Reply[4] thereto, the relevant law, and underlying facts of the case, the Court GRANTS Plaintiff's Motion and dismisses the case because of impermissible claim splitting.

---

[1] *See* Def.'s Mot. to Dismiss for Failure to State a Claim, ECF No. 15 ("Motion").

[2] *See id.* at 6-9.

[3] *See* Pl.'s Mem. in Opp'n, ECF No. 17 ("Opposition").

[4] *See* Def.'s Reply to Mem. in Opp'n, ECF No. 18 ("Reply").

# I.   BACKGROUND

XiDrone and Fortem are drone systems development companies. XiDrone is based in Naples, Florida. Fortem operates from Pleasant Grove, Utah. The parties have been engaged in a patent infringement conflict in the District of Utah since July 6, 2023.[5]

## A.   XiDrone's First Suit

XiDrone originally claimed that Fortem infringed two patents, 9,689,976 ("'976") and 11,378,651 ("'651"), related to the functionality of its drone systems.[6] Fortem denied the allegations and counterclaimed noninfringement and patent invalidity.[7]

After filing an answer to Fortem's counterclaim, the Court issued a Patent Case Scheduling Order.[8] This order set deadlines and limitations for the case to proceed, including the date to amend pleadings (January 12, 2024) and a limitation of twenty-five requests for production.[9] XiDrone and Fortem's conflict advanced to discovery where XiDrone sought more requests for production than allowed.[10] The parties also exchanged proposals to amend the PCSO.[11]

---

[5] *See* Docket No. 2:23-cv-00430 [hereinafter *First Suit*].

[6] *First Suit* ECF No. 2, at 24-34.

[7] *First Suit* ECF No. 18, at 11-13, 27-28.

[8] *First Suit* ECF No. 21.

[9] *Id.* at 2-3.

[10] Docket No. 2:24-cv-00080, ECF No. 17, at 21.

[11] *See id.*; ECF No. 18, at 4-5.

On January 12, 2024, XiDrone timely moved the Court for leave to amend its complaint.[12] XiDrone sought to add a related third patent to the suit, 10,795,010 ("'010").[13] Fortem opposed the motion.[14] XiDrone then withdrew its motion.[15] The first case is now in the patent scope determination and claim construction phase.[16]

## B.    XiDrone's Second Suit

The same day XiDrone withdrew its motion for leave to amend, it filed a separate and second suit against Fortem in the District of Utah claiming patent infringement of the '010 patent.[17] XiDrone's second complaint is an almost-verbatim copy of the first complaint, substituting the '010 claim language.[18] Fortem moves the Court to dismiss the second suit under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[19]

Fortem contends the second suit is barred under res judicata principles: (1) impermissible claim splitting, (2) improper collateral attack, and (3) claim preclusion for voluntary withdrawal in the first suit.[20] Fortem also asks the Court to judicially notice documents from the first suit: the Patent Case Scheduling Order; XiDrone's

---

[12] *First Suit* ECF No. 22.

[13] *Id.*

[14] *First Suit* ECF No. 23.

[15] *First Suit* ECF No. 24.

[16] *See* ECF Nos. 29-34, 38, 66.

[17] Docket No. 2:24-cv-00080.

[18] *See* ECF No. 2.

[19] ECF No. 15.

[20] *Id.* at 2.

motion to amend; Fortem's opposition to the motion to amend; XiDrone's withdrawal of the motion to amend; and other documents in the docket.[21]

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss under FRCP 12(b)(6)

An action may be dismissed when the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Jones v. Bock*, 549 U.S. 199, 215 (2007). The complaint must have "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint must allege more than labels or legal conclusions and its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B.   Res Judicata

#### 1.   *General Claim Preclusion Principles*

"Claim preclusion requires: (1) a final judgment on the merits in an earlier action; (2) identity of the parties in the two suits; and (3) identity of the cause of action in both suits." *City of Euroda v. Rural Water Dist. No. 4*, 875 F.3d 1030, 1035 (10th Cir. 2017) (internal citation and quotation marks omitted). A final judgment "ends litigation on the merits and leaves nothing for the district court to do but execute the

---

[21] *Id.* at 9.

judgment." *Hooker v. Cont'l Life Ins. Co.*, 965 F.2d 903, 904 (10th Cir. 1985). And claim preclusion "will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005); *see also Nikols v. Chesnoff*, 435 Fed. Appx. 766, 769 (10th Cir. 2011) (under Utah law a claim is precluded when the claim "could and should have been raised in the first action.").

In other words, a plaintiff is required to "assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). "Even if these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a 'full and fair opportunity to litigate' the claim in the prior action." *Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020) (internal citation and quotation marks omitted).

## 2. The Bar on Claim Splitting

In the family of res judicata, claim preclusion and claim splitting are sisters. Both bar a litigant from bringing specific claims in subsequent litigation. But claim preclusion requires a final judgment on the merits where claim splitting does not. *Katz*, 655 F.3d at 1218. The general test for claim splitting is "whether the first suit, assuming it were final, would preclude the second suit." *Id.* Therefore, claim-splitting requires a court to consider whether (1) the parties are the same, and (2) the suits involve the same cause of action. *See id.*

"Whether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law,' and therefore [the Federal Circuit will] analyze

it under Federal Circuit law." *Acumed*, 525 F.3d at 1323. The Federal Circuit follows the "transactional" approach from the Restatement (Second) of Judgments. *Id.* at 1323-24 (citing Restatement (Second) of Judgments § 24 (1982)). Under this approach, a court considers whether (1) the products or processes accused in the instant action are "essentially the same" as those in the prior action and, (2) the same patents are involved in both suits. *Senju Pharm. Co. v. Apotex Inc.*, 746 F.3d 1344, 1349 (Fed. Cir. 2014). The patents need not be a carbon copy, but claims must be "essentially the same." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1167 (Fed. Cir. 2018).

When considering whether a patent claim "could have been brought" in a concurrent action, logically, the patents need not be the same in each suit. The relevant inquiry is whether (1) there is sufficient factual overlap in the underlying suits and (2) a new cause of action arose during the pending suit. *See Inguran, LLC v. ABS Glob., Inc.*, 72 F.4th 1272, 1279-80 (Fed. Cir. 2023) (examining the accused activity and the transactional facts underlying the suit); *see also Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010) (res judicata does not apply to "new rights acquired during the action which might have been, but which were not, litigated."); *cf. Senju Pharm. Co.*, 746 F.3d at 1354 (holding that reexamined claims of a patent are a subset of the original claims so as not to create a new cause of action).

The bar against claim splitting requires a plaintiff to "assert all of its causes of action arising from a common set of facts in one lawsuit." *Katz*, 655 F.3d at 1217. It allows district courts to "control their dockets by dismissing duplicative cases." *Id.* at

1218. A plaintiff cannot "'use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'" *Hartsel Springs ranch of Colo. Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (internal citation omitted). "'[T]he court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.'" *Id.* (internal citation and quotation marks omitted).

### C.   Regional Law Applies to Procedural and Substantive Issues of Claim Preclusion unless Comparing Patent Claims

Regional circuit law governs procedural standards for motions to dismiss. *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1362 (Fed. Cir. 2015). And "[t]o the extent that a case turns on general principles of claim preclusion, as opposed to a rule of law having special application to patent cases, [the Federal Circuit] applies the law of the regional circuit in which the district court sits . . . ." *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1323 (Fed. Cir. 2008). However, "[w]hether two claims for patent infringement are identical is a claim preclusion issue that is 'particular to patent law,' and therefore [the Federal Circuit will] analyze it under Federal Circuit law." *Id.* at 1323.

### D.   Judicially Noticed Facts

Typically, courts cannot consider anything outside the pleadings on a 12(b)(6) motion, but "an exception exists for facts subject to judicial notice." *Mrs. Fields Franchising, LLC v. MFGPC*, 721 Fed. Appx. 755, 759 (10th Cir. 2018) (citing *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006)). These judicially noticed

documents may be used only to show their contents, and not to "prove the truth of matters asserted therein." *Id.*; *Johnson*, 950 F.3d at 705.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Patent prosecution history records are also public records and may thus be judicially noticed. *Data Eng. Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018).

## III.   ANALYSIS

### A.   The Court will Judicially Notice Relevant and Necessary Documents from the First Suit.

Fortem asks the Court to judicially notice several documents.[22] Only four are relevant and necessary to the analysis below. XiDrone filed a complaint in the first suit.[23] It later filed a motion to amend its complaint.[24] Fortem filed an opposition to that motion.[25] And XiDrone withdrew its motion to amend the complaint.[26] These documents are in the public record because they are from a case in this Court's docket

---

[22] ECF No. 15, at 9.

[23] *First Suit* ECF No. 2.

[24] *First Suit* ECF No. 22.

[25] *First Suit* ECF No. 23.

[26] *First Suit* ECF No. 24.

and concern the same allegedly infringing products. *See St. Louis Baptist Temple,* 605 F.2d at 1172 ("[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it."). Therefore, the Court may appropriately take judicial notice that XiDrone filed a complaint, moved to amend it, and subsequently withdrew that motion after Fortem's opposition in the previous action.

### B.    XiDrone's Complaint Violates the Bar on Claim-Splitting.

Neither XiDrone nor Fortem disputes that the parties and accused products in both suits are identical. Fortem argues that the claim-splitting doctrine precludes the '010 claim of the second suit because it (1) was in the first suit and (2) should have been resolved then.[27] Alternatively, Fortem argues that the subject matter of the '010 claim from the second suit was adequately represented by the '976 claim in the first suit.[28] This Court finds Fortem's first contention sufficient to grant the Motion on general res judicata principles applied in the claim-splitting context.

> *1.    The second suit violates the bar on claim-splitting because the '010 claim could and should have been brought and resolved in the first suit.*

>> a)    <u>The second suit violates the bar on claim-splitting because the '010 claim could have been brought in the first action.</u>

Assuming the first suit was final, XiDrone would be barred from bringing this claim because it could have brought the patent claim in the first suit. *Aspex Eyewear, Inc. v. Marchon Eyewear, Inc.*, 672 F.3d 1335, 1342 (Fed. Cir. 2012) ("Res judicata

---

[27] ECF No. 18, at 10; ECF No. 15, at 12.

[28] ECF No. 15, at 10.

requires that in order for a particular claim to be barred, it is necessary that the claim either was asserted or *could have been asserted*, in the prior action." (emphasis added)); *see also Civix-DDI, LLC v. Expedia, Inc.*, 2005 U.S. Dist. LEXIS 9493, at *12-*13 (N.D. Ill. May 2, 2005) (claim splitting barred a concurrent suit when a defendant attempted to assert patent claims that it should have timely brought in the pending first suit); *Biogenex Labs., Inc. v. Ventana Med. Sys.*, 2005 U.S. Dist. LEXIS 45405, at *5-*9 (N.D. Cal. Aug. 5, 2005) ("a patent plaintiff should not be permitted to avoid the adverse consequences of failing to assert all patent claims in a pending action by simply filing a new patent action.").

XiDrone could have brought the '010 patent claim in the first suit as evidenced by the identical factual overlap between the cases. XiDrone acquired no new rights during the first suit relating to the '010 patent justifying a second suit. And XiDrone's contentions and caselaw are irrelevant or inapplicable.

> ### (1)    The first and second suit share the same underlying legal elements for accused activity, transactional facts, and no new rights were acquired during the first suit.

To determine factual overlap between cases when analyzing whether a claim "could have been raised," the Federal Circuit looks to whether the plaintiff would need additional evidence to support a claim against the accused activity in the subsequent suit. *See Inguran, LLC v. ABS Glob., Inc.*, 72 F.4th 1272, 1279-80 (Fed. Cir. 2023). As a threshold matter, the first and second suits' accused activity share the same legal elements. In the first suit XiDrone alleged direct and indirect

infringement of the '976 and '651 patent claims.[29] Here, XiDrone alleges direct and indirect infringement of the '010 patent.[30] Thus, the legal elements XiDrone needs to prove to prevail are the same in both suits.

Next, XiDrone identifies no additional evidence necessary to plausibly allege its '010 infringement claims. When challenged on this issue, XiDrone points to no specific information unavailable to it at the outset of the first suit that justifies the second.[31] The lack of additional necessary evidence to plausibly allege the '010 claim is clear from XiDrone's own Complaint. XiDrone's Complaint in the second suit is an almost-verbatim copy of the first.[32] XiDrone alleges the same infringing products in both suits with two small exceptions – the "Edge Fusion System" and "Counter-UAS Stations" that include "electronic jamming."[33]

But the motion to amend the complaint in the first suit is replete with the words "Edge Fusion System."[34] It also mentions "electronic jamming."[35] Further, though the first complaint and motion to amend the complaint do not carry the exact "Counter-UAS Stations" term, the definition of the term belies its purported novelty in the second suit. Counter-UAS means "Counter-Unmanned Aircraft Systems."[36]

---

[29] *First Suit* ECF No. 2 at 24-34.

[30] ECF No. 2 at 17, 19, 20-21.

[31] *See* ECF No. 15, at 5 (pointing out that XiDrone does not cite newly discovered evidence unavailable to it before the first suit began); *Second Suit* ECF No. 17 at 14 (failing to cite any specific evidence).

[32] *Compare First Suit* ECF No. 2 *with* ECF No. 2 (substituting only '010 language in the complaint).

[33] ECF No. 2, at 17, 19, 20-21.

[34] *See First Suit* ECF No. 22-2, at 27, 33, 35, 37-38, 42-46.

[35] *First Suit* ECF No. 22-2, at 208.

[36] ECF No. 2, at 4.

And an unmanned aircraft system is simply a drone. Thus, "Counter-UAS Stations" means counter-drone stations. The complaint in the first suit mentions "counter-drone" many times.[37]

Indeed, XiDrone refers in substance to "The Fortem SkyDome System" to support its "Counter-UAS Stations" allegation.[38] This was already covered in a previous allegation in the first suit's complaint.[39] And all other supporting allegations in the substance of the claim in the second suit are also covered in the first suit's complaint and potential amended complaint – namely "class 1 and class 2 drone-related countermeasures" and "electronic countermeasure (ECM)" and "electronic jamming."[40] XiDrone thus identifies no new evidence necessary to support its second suit. It simply copies and pastes its factual allegations and evidence from the underlying first suit. Therefore, XiDrone's second suit is based on the same transactional facts as the first suit.

Finally, XiDrone acquired no new rights during the pendency of the first suit to justify a second suit. XiDrone has held the '010 patent since October 6, 2020.[41] It is a continuation of the '976 patent.[42] A potential infringement of the '976 patent would obviate a potential infringement of the '010 patent. XiDrone was therefore on notice that the '010 patent could have been infringed before it began the first suit in

---

[37] *See First Suit* ECF No. 2 at 3, 11-12, 17-18, 24.

[38] ECF No. 2, at 16.

[39] *First Suit* ECF No. 2-5, at 15.

[40] *First Suit* ECF No. 2, at 20-21; *First Suit* ECF No. 22-2, at 208.

[41] ECF No. 2-1, at 2.

[42] *Id.* at 3.

July 2023. That patent, which is a continuation, was not granted during the pending first suit.[43] It therefore did not acquire any "new rights" during the ongoing first suit that justify another suit. *Gillig v. Nike, Inc.*, 602 F.3d 1354, 1363 (Fed. Cir. 2010). Therefore, XiDrone acquired no new rights during the pending litigation. The second suit is thus barred because the '010 patent could have been brought in the first suit.

### (2) *XiDrone's Counterarguments are Unavailing.*

XiDrone argues that claim-splitting does not bar the '010 patent because it was not brought in the first suit.[44] The fact that XiDrone did not "bring" the claim in the first action is irrelevant. General res judicata caselaw supports the logical conclusion that "could have been brought" means the patent claim was not brought in the first suit. *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (claims that "could have been" included in the first suit are precluded).

A recent Tenth Circuit opinion makes this standard clear. *DeSmet v. Scottsdale Ins. Co.*, 2022 WL 17574576 (10th Cir. Dec. 12, 2022). A plaintiff ("Mr. DeSmet") filed a complaint in an action that expressly left out a breach-of-contract claim. *Id.* at *1. He then moved the district court to amend the complaint to include the claim. *Id.* at *2. The district court denied his request on procedural and substantive reasons. *Id.* Later, Mr. DeSmet brought a second suit asserting bad-faith and breach-of-contract claims "repeat[ing] many of the allegations from the petition in the first lawsuit . . . ." *Id.* The district court then dismissed the complaint with prejudice under a 12(b)(6)

---

[43] *Id.* at 2.

[44] *See* ECF No. 17, at 26-27 (arguing the test for claim splitting requires the patents in the first and subsequent suits to be the same or essentially the same).

motion holding that the bad-faith and breach-of-contract claims could have been raised in the first suit. *See id.*

On appeal, the Tenth Circuit affirmed. *Id.* at *6. It found that the bad-faith and breach-of-contract claims arose from the same transactional facts as the first suit because they dealt with the same underlying dispute's factual scenario. *Id.* at *4-*5. The Tenth Circuit also found that the breach-of-contract claim could have been brought in the first suit because Mr. DeSmet sought leave to amend the complaint in the first suit to include that claim. *Id.* at *4-*6.

Here, XiDrone sought leave to amend its complaint to add the '010 patent claim in the first suit just like Mr. DeSmet did in *DeSmet*. The '010 patent claim concerns the same products and underlying facts as those brought in the previous action like the bad-faith and breach-of-contract claims in the second suit were based on the same transactional facts of the first suit in *DeSmet*. This is apparent from XiDrone's almost-verbatim Complaint, identical accused products, and the same legal elements underlying the accused activity. XiDrone thus showed its ability to bring the '010 patent claim in the first suit by filing its motion to amend in the first suit, which it voluntarily withdrew before it was addressed by the court.

Finally, XiDrone cites to *Kearns v. GMC* in its brief for the proposition that had there been a dismissal in the first suit on procedural grounds, the patents in the first suit would need to be the same as those in the second suit to justify preclusion. 94 F.3d 1553, 1555 (Fed. Cir. 1996); ECF No. 17, at 26-27. In *Kearns*, the *pro se* plaintiff ("Mr. Kearns") sought leave in the Eastern District of Michigan to amend his

complaint to add sixteen patents to the action. *Kearns*, 94 F.3d at 1554. The court denied the motion for tardiness. *Id*. Mr. Kearns then brought a subsequent action in the Eastern District of Virginia alleging infringement of the sixteen patents. *Id*. The Virginia court held that the patents "should have been litigated in the [Michigan court]" and that Mr. Kearns was barred from bringing the claims. *Id*. The Federal Circuit reversed, holding that those patents could be asserted in the second action because they were dismissed on procedural grounds in the first. *See id*. at 1555-56.

*Kearns* is factually distinct and otherwise inapplicable. XiDrone did not wait for this Court to rule on the motion for leave to amend the complaint in the first action. It voluntarily withdrew its motion. XiDrone could have potentially brought the claims in the first suit as evidenced by its motion for leave to amend the complaint. It simply chose not to do so and now assumes the Court would have ruled a certain way on the motion to bolster its claims.

Further, Federal Circuit law is not controlling here because this is not a "rule of law having special application to patent cases." *Acumed LLC*, 525 F.3d at 1323. XiDrone's claim is precluded based on general res judicata principles of claim-splitting for a claim that could have been brought. Thus, Tenth Circuit law on general res judicata principles applies.

As the Tenth Circuit observed in *Desmet*, Xidrone's "predicament is a result of [its] own litigation strategy." 2022 U.S. App. LEXIS 34068, at *13. The '010 claim is thus precluded because it could have been properly raised in the first suit.

15

b)   <u>The claim-splitting doctrine requires resolution of the '010 claim in the first suit.</u>

Fortem further contends that the claim-splitting doctrine requires that all related patent claims be litigated in the first action.[45] Although the standard is narrower than the term "related" suggests, *Katz*, 655 F.3d at 1217 (claim-splitting requires a plaintiff to "assert all of its causes of action *arising from a common set of facts* in one lawsuit." (emphasis added)), the result is the same – XiDrone should have brought the '010 patent claim in the first suit.

XiDrone offers a litany of excuses for failing to resolve the '010 claim in the first action. *First*, XiDrone argues that it withdrew its motion to seek the "most expeditious route to serve Fortem with a complaint . . . ."[46] But it had already moved the Court to amend the pleadings in a timely manner in the first suit.[47]

*Second*, XiDrone asserts that pursuing an amended complaint in the first suit would delay placing Fortem on notice to file an inter partes review petition.[48] But prejudicial procedural consequences due to amending a pleading do not justify a concurrent second suit on the same transactional facts. *See Casto v. Louisiana Gas Co.*, 597 F.2d 1323, 1324-26 (10th Cir. 1979) (silently dropping a claim from a suit for evidentiary advantages on another claim results in improper claim-splitting where the underlying facts of both suits are the same). Filing a second suit based on the same transactional facts further delays the judicial process and burdens the Court

---

[45] ECF No. 18, at 7.

[46] ECF No. 17, at 22-23.

[47] *First Suit* ECF No. 22.

[48] ECF No. 17, at 16, 22-23.

16

with duplicative litigation. Therefore, XiDrone makes no fruitful justification for its failure to bring the '010 claim in the first suit.

Indeed, XiDrone concedes via the inter partes review argument that its second suit is an attempt to secure for itself procedural advantages unavailable to it in the first suit.[49] This is impermissible. A plaintiff cannot "use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed." *Hartsel Springs*, 296 F.3d at 990 (internal citation and quotation marks omitted).

This Court "*must* ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints [for] the purpose of circumventing the rules pertaining to the amendment of complaints." *Hartsel Springs*, 296 F.3d at 990 (emphasis added). The appropriate action was to seek to amend the pleadings in the first suit, which XiDrone initially did. It was then incumbent on XiDrone to continue that action until the motion was resolved by the Court. Under these circumstances, XiDrone had a "full and fair opportunity" to litigate the '010 patent claim. *Johnson*, 950 F.3d at 693. It simply chose not to resolve it in the previous suit as it should have. XiDrone engaged in impermissible claim splitting because the '010 claim could have been brought in the first suit and proper resolution of the claim rested in the first. Because XiDrone violated the bar on claim-splitting, the Court need not evaluate

---

[49] *See id.* (arguing that filing a second complaint was the "most expeditious route to serve Fortem with a complaint" to begin Fortem's inter partes review petition clock.).

17

whether this suit represents an improper collateral attack nor other issues of claim preclusion.

### IV.   ORDER

For the reasons discussed, the Court GRANTS Defendant's Motion to Dismiss for Failure to State a Claim. The case is DISMISSED.

SIGNED this 8th day of October.

Ann Marie McIff Allen
United States District Judge

18